UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

PETER SIMONETTI,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

# COMPLAINT

The Plaintiff, PETER SIMONETTI, sues the Defendant, UNITED STATES OF AMERICA (hereinafter referred to as *"U.S.A."*), and alleges:

1. This is an action for damages in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. This Court has jurisdiction under the Federal Tort Claims Act and the provisions of 28 U.S.C. §1346(b) in that this is a claim against the Defendant, U.S.A., for money damages, for injury caused by the negligence or wrongful acts or omissions of an employee of the United States Government while the employee was acting within the course and scope of his/her employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq.

3. Pursuant to the provisions of 28 U.S.C. §§2675 and 2401, the Plaintiff provided written notice thru a Standard Form 95 to the U.S. Department of Veteran Affairs (hereinafter referred to as *"USDVA"*), an agency or subdivision of the Defendant, U.S.A., of his claims for injury and money damages. A period of more than six months has transpired since the notice was given to the USDVA. The USDVA made a final disposition/denial of the claim on April 4, 2022. Accordingly, under 28 U.S.C. §2675(a), the USDVA's final disposition constitutes a denial of the Plaintiff's claims. A period of not more than six months has transpired since the final disposition/denial notice was given by the USDVA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1402, as the Plaintiff resides in the jurisdiction and the act or omission complained of occurred in the jurisdiction, namely Laky County, Florida.

5. On January 13, 2020, a USDVA agent, servant or employee, whose name is currently unknown to the Plaintiff, was operating a USDVA transport vehicle owned by the USDVA, an agency or subdivision of the Defendant, U.S.A.

6. On that date, the USDVA agent, servant or employee operated the motor vehicle with the knowledge, authority, permission or consent of the USDVA, an agency or subdivision of the Defendant, U.S.A.

7. On that date, the agent, servant or employee of USDVA was acting in the course and scope of his/her agency, service or employment with the USDVA, an agency or subdivision of the Defendant, U.S.A.

8.      On January 13, 2020, the USDVA agent, servant or employee was operating the USDVA transport vehicle owned by the USDVA at or near County Road 565 in Clermont, Lake County, Florida.

9.      On that date and place, Plaintiff, PETER SIMONETTI, was a passenger in a mobility chair in the subject transport vehicle operated by the USDVA employee.

10.     On that date and place, the USDVA agent, servant or employee owed a duty to Plaintiff, PETER SIMONETTI, to properly secure the Plaintiff and his chair within the subject USDVA vehicle in a reasonably safe manner and to properly operate the USDVA vehicle in a reasonably safe manner.

11.     At that time and place, the USDVA agent, servant or employee breached his/her duty by negligently and carelessly failing to properly secure the Plaintiff, PETER SIMONETTI, and/or his chair in the USDVA vehicle and carelessly operating the USDVA vehicle.

12.     The negligence of the USDVA employee, as described above, caused Plaintiff, PETER SIMONETTI, and/or his chair to become unsecure, thus causing and/or contributing to the injuries and damages sustained by the Plaintiff.

13.     As a direct result and cause of the negligence of the Defendant, U.S.A.'s agent, servant or employee, Plaintiff, PETER SIMONETTI, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, activation of a latent defect, aggravation of a pre-existing condition, loss of capacity for the enjoyment of life, expenses of medical and nursing care and treatment, lost wages and loss of ability to earn money.  These

losses are either permanent or continuing, and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, the Plaintiff, PETER SIMONETTI, demands judgment for damages, costs and, to the extent allowed by law, prejudgment interest against the Defendant, U.S.A.

Respectfully submitted this 3rd day of October, 2022.

*/s/ Joseph F. Scarpa, Jr.*
Joseph F. Scarpa, Jr., Esq.
Florida Bar No.: 351880
DAN NEWLIN INJURY ATTORNEYS
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Tel: (407) 878-1670
Fax: (321) 251-2515
Joseph.Scarpa@newlinlaw.com
Tanya.Rivera@newlinlaw.com
Sharon.White@newlinlaw.com